UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARVEY DEAR A.K.A. "CASH",<br><br>Defendant. | Case Number:   23-CR-10112-01-JWB |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Dear's Motion to Reopen Detention Hearing and for Reconsideration of Detention pursuant to 18 U.S.C. § 3142(f)(2). Doc. 38.

The Government has no objection to reopening the detention hearing. The Court finds that the standard under 18 U.S.C. § 3142(f)(2) has been met and finds there is new information, notably Defendant's sobriety and referral for inpatient treatment, that was not known at the time of the first detention hearing that may have a material bearing on the issue of release. Consequently, the Court grants the Defendant's motion to reopen the detention hearing.

The Government objected to the Defendant's motion for reconsideration of the Court's prior order of detention (Doc. 5). Defendant argued that he has been incarcerated for ninety (90) days and during that time has gotten sober, attended AA meetings, and recently obtained a substance abuse evaluation recommending treatment. Defendant argued that releasing him to inpatient treatment was a condition the Court could put in place that would assure the safety of any other person and the community as well as ensure his appearance going forward. The Court disagrees.

Here, there is a rebuttal presumption of detention under 18 U.S.C. § 3142(e)(3)(1). While Defendant offered evidence to rebut the presumption, after considering the presumption and other

factors set forth in 18 U.S.C. § 3142(g), the Court finds detention is warranted.

While the Court commends Defendant on his sobriety, the Court does not find that this outweighs the other factors set forth in 18 U.S.C. 3142(g) that weigh in favor of detention, notably the nature and circumstances of the alleged offense involving four counts of distribution of Fentanyl, which carries substantial penalties, the weight of the evidence against the Defendant being strong given that he sold Fentanyl to an undercover agent, Defendant's criminal history, prior failures to appear, prior aggravated escapes from custody, prior probation violations fleeing law enforcement, and absconding in other criminal cases, as well as the potential danger to the community should Defendant be released and engage in similar criminal activity.

Further, the Defendant previously considered Defendant's request to be evaluated for substance abuse treatment at his prior detention hearing and found that it was not a condition the Court could put in place that would assure the safety of the community and others as well as his appearance going forward. The Court finds similarly here. Consequently, the Court finds that the Government has proven by clear and convincing evidence that there are no conditions or combination of conditions of release that will reasonably assure the safety of any other person and the community and has proven by a preponderance of the evidence there are no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

**IT IS THEREFORE ORDERED** that Defendant's motion to reconsider the Court's prior order of detention is **DENIED**. Defendant shall remain in custody pending his final trial.

_____
BROOKS G. SEVERSON
UNITED STATES MAGISTRATE JUDGE